**NOT FOR PUBLICATION**                                                                                    **CLOSED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| NARINDER SINGH, | : | Civil Action No. 06-2338 |
| | : | Hon. Faith S. Hochberg, U.S.D.J. |
| Petitioner, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| MICHAEL CHERTOFF, et al. | : | March 22, 2007 |
| | : | |
| | : | |
| Respondants. | : | |
| | : | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.  Petitioner challenges both the merits of the order of his removal from the United States and his continued custody.  The Court has considered the written submissions of the parties pursuant to Fed. R. Civ. P. 78.

**I.      Background.**

Petitioner was admitted into the United States on November 10, 1997 as a visitor for business not to exceed 90 days.  *See* Petition, Ex. B.  On January 14, 1998, Petitioner married a United States citizen, Tami Gladney, and filed a Petition for Alien Relative (Form I-130) on the same day.  On August 26, 1999, Petitioner failed to appear for his immigration interview.  On March 25, 2000, Petitioner was given notice that his application for status as a permanent resident was denied.  On May 5, 2000, Petitioner and Ms. Gladney divorced.

On September 11, 2000, Petitioner married another United States citizen, Laura

Pickering, who then filed another Form I-130 on Petitioner's behalf.  Petition, Ex. B.  On January 26, 2002, Petitioner departed the United States for India to attend his mother's funeral.  Petitioner returned to the United States on April 15, 2002, and presented a valid India passport and an Authorization for Parole of an Alien (Form I-512) to United States Immigration Inspections.  Petitioner was found inadmissible pursuant to §212(a)(6)(C)(I) and §212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA").  *See* 8 U.S.C. §§1182(a)(6)(C)(I) and (a)(7)(A)(i)(I) (relating to fraudulent claim of admission and possession of invalid documentation, respectively).  Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody and placed in removal proceedings.  Petitioner is currently being held at the Elizabeth Detention Center in Elizabeth, NJ.

## II.     Procedural History.

The procedural history for this case is lengthy and complex due to the number of jurisdictions involved.  On July 8, 2002, the District Director denied Petitioner's second Form I-130, which had been filed by Laura Pickering Singh.  Petition, Ex. F.  On July 23, 2002, Petitioner filed a petition for habeas corpus with the United States District Court for the Southern District of New York ("SDNY").  On October 9, 2002, an Immigration Judge found Petitioner inadmissible under §212(a)(7)(A)(i)(I)[1] of the INA and ordered Petitioner's removal.

On January 1, 2003, the SDNY denied the petition for habeas corpus.  On January 31, 2003, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of the Immigration Judge's decision; Petitioner also filed a Petition for Review with the Second Circuit that day.  On May 2, 2003, the BIA dismissed Petitioner's appeal of the District Director's July 8,

---

[1] This section relates to inadmissibility for invalid entry documentation.

2002 decision for lack of jurisdiction.[2]  Declaration of Susan Handler-Menahem ("SHM Dec."), Ex. 3.

On September 8, 2004, Petitioner filed a complaint for declaratory and mandamus relief with the United States District Court for the Eastern District of New York ("EDNY"), seeking an order compelling the BIA to acknowledge jurisdiction of the appeal and to decide the appeal on the merits.  Petition, Ex. P.  On September 10, 2004, Petitioner voluntarily withdrew his petition pending before the Second Circuit without prejudice.  On December 29, 2004, Petitioner filed a petition for habeas corpus and a petition for stay of removal in the EDNY.  *Singh v. Chertoff*, No. 1:04-cv-05699-ERK (E.D.N.Y.).[3]  On December 30, 2004, the EDNY remanded Petitioner's appeal back to the BIA to consider Petitioner's appeal on the merits, pursuant to the *first* action filed in that court.[4]  SHM Dec., Ex. 5.

Petitioner applied to the ICE for parole release on November 21, 2005.  Petition, Ex. R.  On May 4, 2006, the BIA vacated its May 2, 2003 decision and remanded the record back to the District Director for further proceedings, in response to the order from the EDNY.  Petition, Ex. Q.  Petitioner was denied parole release by the ICE on April 12, 2006.  Petition, Ex. R.  ICE officials reviewed Petitioner's custody status and determined in a May 16, 2006 decision that

---

[2] The BIA stated that the Notice of Appeal was not signed by Petitioner nor accompanied by a Notice of Entry of Appearance as Attorney of Representative before the Board of Immigration Appeals (Form EOIR-27) as required by 8 C.F.R. §1003.3(a)(2).  Thus, the BIA dismissed Petitioner's appeal for lack of jurisdiction because the appeal was not initiated by Petitioner or an authorized representative pursuant to 8 C.F.R. §1003.3(a)(2).  SHM Dec., Ex. 3.

[3] The docket states that this case was administratively closed on March 22, 2006.

[4] The EDNY remanded the case back to the BIA because the record did in fact contain a Form EOIR-27, contrary to the BIA's statements in its May 2, 2003 decision.  *See* Petition, Ex. Q; *supra* note 2.

continued custody was warranted. Petition, Ex. T. The decision advised that ICE was in possession of a valid India travel document for petitioner, but that ICE was prevented from expediting Petitioner's removal due to the stay of removal in effect in the EDNY.[5] *Id.* The decision stated that once the stay was lifted, Petitioner would be removed. *Id.* The decision also advised Petitioner that he would receive further custody review within a year if necessary. *Id.*

In addition to the proceedings here before this Court, Petitioner has current proceedings before the EDNY and has a reinstated appeal pending before Immigration Authorities. Petitioner requests that this Court (1) issue an order granting Petitioner's immediate release on his own recognizance or a reasonable bond, and (2) issue an order to vacate the removal order against Petitioner, and to remand the case to the Immigration Judge to be continued or administratively closed pending review by the District Director of his I-130 visa petition.

**III.	Discussion.**

**A.	This Court Lacks Jurisdiction To Review Petitioner's Removal Order.**

According to Section 106(a) of the REAL ID Act, P.L. 109-13, Div. B, 119 Stat. 231, enacted on May 11, 2005, a United States District Court lacks jurisdiction, whether through habeas corpus petitions pursuant to 28 U.S.C. §2241 or otherwise, to review any removal order of any alien, criminal or non-criminal. The exclusive means of review of an administrative order of removal, deportation or exclusion is a "petition for review" in the United States Court of Appeals. Section 106(a) also provides that all habeas corpus petitions currently pending in the district courts shall be transferred to the Courts of Appeals "for the judicial circuit in which the

---

[5] Although no official stay of removal has been granted in this matter, immigration authorities have agreed with the courts of the Second Circuit not to deport an individual who has proceedings pending before such a court.

immigration judge completed the proceedings." 8 U.S.C. §1252(b)(2).  Further, when a case pending in district court contains both a challenge to an order of removal, deportation, or exclusion and to a non-removal-order issue, such as custody, the district court shall transfer to the Court of Appeals "the part of the case that challenges the order of removal, deportation, or exclusion."  REAL ID Act, §106(c)**.**

Here, Petitioner's complaint and petition primarily challenge his continued custody, but the body of the petition raises many issues concerning the merits of his removal order.  Because Petitioner's removal proceedings took place in New York, the Court transfers Petitioner's challenge of the removal order to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. §1631 and 8 U.S.C. §1252(b)(2).  However, because the REAL ID Act does not divest this Court of jurisdiction to adjudicate Petitioner's challenge of his continued custody, the Court accordingly retains jurisdiction over Petitioner's severable custody challenge.

**B.     Petitioner's Continued Detention is Warranted.**

The detention, release, and removal of aliens subject to a final order of removal is governed by §241 of the Immigration and Nationality Act ("INA").  8 U.S.C. §1231.  Pursuant to INA §241(a), the Attorney General has 90 days to remove an alien from the United States after an order of removal becomes final.  During this "removal period," detention of the alien is mandatory.  *Id.*  After the 90-day period, if the alien has not been removed and remains in the United States, his detention may be continued for a "reasonable time" or he may be released under the supervision of the Attorney General.  8 U.S.C. §§1231(a)(3) and (6); *Zadvydas v. Davis*, 533 U.S. 678, 700-01 (2001).  Indefinite detention is not authorized.  8 U.S.C. §1231(a).  In *Zadvydas*, the Supreme Court held that the presumptive period during which an alien's

detention is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonable future."[6] 533 U.S. at 701; *see generally Clark v. Martinez*, 543 U.S. 371 (2005) (holding that *Zadvydas* also applies to inadmissible aliens).

Here, Petitioner contends that his continued detention violates the Supreme Court's ruling in *Zadvydas*, because his five-year term of incarceration is much longer than the presumptively valid six-month period. However, the "removal period" for Petitioner has not yet begun. Petitioner is involved in pending court proceedings before the EDNY, where the court has issued a stay of removal while Petitioner seeks review of the administrative removal order; this stay prevents the removal order from becoming final. 8 U.S.C. §1231(a)(1)(B)(ii); *Vasquez v. Immigration and Customs Enforcement*, 2005 WL 3481523 at *2 (3d Cir. Dec. 21, 2005) (citing 8 U.S.C. §1231(a)(1)(B)(ii)). Because Petitioner's removal period has not commenced, the "reasonable time" provisions of *Zadvydas* and the regulations of 8 C.F.R. §241.4 do not apply. Petitioner may therefore only challenge his custody during the pre-removal period.

In the pre-removal period, the Attorney General may in his discretion continue to detain a non-criminal alien pending a decision on removal. 8 U.S.C. §1226(a). This decision is not subject to judicial review. 8 U.S.C. §1226(e). Immigration officers are granted discretion to release a detained non-criminal alien on bond or conditional parole, provided that the alien demonstrates he does not pose a danger to persons or to property and that he will appear for further proceedings. 8 C.F.R. §236.1(c)(8). This decision is also discretionary. *Id*. Before an

---

[6] If Petitioner's order of removal becomes final, he will likely be removed expeditiously, because travel documents are already available and there are no other barriers to his removal.

order of removal becomes final, Petitioner is also entitled to custody review by an immigration judge, who is imbued with the same authority granted to the Attorney General and other immigration officers to allow conditional release or order continued detention. 8 C.F.R. §236.1(d)(1). Petitioner may yet avail himself of this remedy.

Here, Petitioner received an administrative custody review on April 25, 2006, in which the review panel evaluated Petitioner's file and submissions to consider granting conditional release. The ICE elected in its May 16, 2006 decision to continue custody, noting that Petitioner is entitled to further custody review within the year if removal were not effected within that period. This Court finds that Petitioner's pre-removal period detention is lawful, because the Attorney General and immigration authorities have acted within their statutory and constitutional authority to continue detention and have assured Petitioner of continued administrative custody review. Petitioner's challenge to pre-removal period custody is therefore dismissed.[7]

Petitioner also contends that the length of his detention violates his right to due process under the Fifth Amendment. In *Oyedeji v. Ashcroft*, 332 F. Supp.2d 747, 753-54 (M.D. Pa. 2004), the district court noted that the "price for securing a stay of removal should not be continuing incarceration." The court concluded that the Due Process Clause of the Fifth Amendment requires that an alien should be afforded an opportunity to be heard on the question of conditional release pending judicial review of a final administrative order of removal, the execution of which has been stayed by judicial decree. *Id*.

The Third Circuit has held that "[w]hen detention [of an alien] is prolonged, special care

---

[7] In the event that an order of removal becomes final, Petitioner will be granted leave to file for relief from this Court if subsequent custody continues beyond the presumptive six-month period established by *Zadvydas* and 8 U.S.C. §1231(a).

must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable." *Ngo v. INS*, 192 F.3d 390, 398 (3d Cir. 1999). The fact that a stay of removal has been issued in this case should not change the result. *See Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003). An alien not normally subject to indefinite detention as in *Zadvydas* should not be detained simply because he "seeks to explore avenues of relief" legally available to him; while the alien may be responsible for seeking a stay of removal, he is not responsible for the length of time such determinations may take. *Id.*

Petitioner is therefore entitled to an individualized custody review under the Due Process Clause of the Fifth Amendment. *See Oyedeji*, 332 F. Supp.2d at 752-54.[8] Custody reviews by immigration authorities are governed by 8 C.F.R. §241.4(i), and may be guided by the procedural protections discussed by the Third Circuit in *Ngo v. INS*.[9] Here, Petitioner received a custody review on April 24, 2006. Following the review, the ICE issued a "Decision to Continue

---

[8] In *Oyedeji*, the Middle District of Pennsylvania granted the writ of habeas corpus for a detained alien, holding that the alien's criminal record alone was not enough to justify "rubber stamp" decisions to continue detention. 332 F.Supp. at 754-55. Here, though Petitioner does not have a criminal record, ICE has provided him meaningful custody review. *See infra* note 8. Moreover, the decision in *Oyedeji* is the minority view among those courts that have confronted similar issues, and authority in the District of New Jersey suggests continuing detention. *See Joseph v. Dept. of Homeland Sec.*, 2006 WL 1644875 at *2 (D.N.J.).

[9] Though the provisions discussed by the Third Circuit in *Ngo* are no longer in effect, that Court's decision still offers guiding principles by which this Court may interpret the new Regulations. *See Joseph v. Dept. of Homeland Sec.*, 2006 WL 1644875 (D.N.J.). The procedural rules considered in *Ngo* require that an alien receive (1) written notice of custody review; (2) the right to representation; (3) the right to an annual personal interview; (4) a written explanation of the custody decision; (5) the opportunity for review of the decision; (6) reviews every six months; and (7) a refusal to presume continued detention based on criminal history. *Ngo v. INS*, 192 F.3d 390, 399 (3d Cir. 1999); *cf.* 8 C.F.R. §241.4(i) (showing minor variations from the *Ngo* procedural standards primarily consisting of subsequent administrative changes). This Court finds that the record shows the ICE has satisfied these requirements as to Petitioner.

Detention" pursuant to 8 C.F.R. §241.4, noting that Petitioner's removal appears imminent and that travel documents are available.  Petitioner has been notified that he may receive further custody reviews as necessary.  Having carefully reviewed the record, the Court finds that Due Process does not entitle Petitioner to custody reviews beyond those the ICE has already provided.

**IT IS** therefore on this 22nd day of March, 2007,

**ORDERED** that Petitioner's Writ of Habeas Corpus is **DISMISSED IN PART**, and it is further

**ORDERED** that the portions of this Petition and Complaint challenging the ICE order of Petitioner's removal be **TRANSFERRED** to the United States Court of Appeals for the Second Circuit to be treated as a Petition for Review under 28 U.S.C. §1252, and it is further

**ORDERED** that this case is **CLOSED.**

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.